1                                             JS6

2

3

4

5

6

7

8            UNITED STATES DISTRICT COURT

9          CENTRAL DISTRICT OF CALIFORNIA

10             SOUTHERN DIVISION

11 VINCI INV. CO., INC.,     )    SA CV 08-152 AHS (MLGx)
                            )

12              Plaintiff, )    ORDER GRANTING DEFENDANTS'
                            )    MOTIONS TO DISMISS CLAIM

13       v.             )    FOUR, DEFENDANTS' MOTIONS TO
                            )    STRIKE, AND THE PARTIES'

14 MID-CENTURY INS. CO., et al., )    REQUESTS FOR JUDICIAL NOTICE;
                            )    ORDER REMANDING ACTION TO

15            Defendants. )    STATE COURT
   ––––––––––––––––––––––––––––––– )

16

17                          **I.**

18                   **<u>INTRODUCTION</u>**

19       On February 20, 2008, Defendants Mid-Century Insurance

20 Company ("Mid-Century") and Farmers Group, Inc. ("FGI")

21 (collectively, "Mid-Century/FGI") filed a Motion to Dismiss

22 Plaintiff's First Amended Complaint Pursuant to Fed. R. Civ. P.

23 12(b)(6) and a Request for Judicial Notice.  On that same date,

24 Mid-Century/FGI also filed a Motion to Strike Pursuant to Fed. R.

25 Civ. P. 12(f).  On March 3, 2008, Plaintiff filed its Opposition to

26 Mid-Century/FGI's Motion to Dismiss and Motion to Strike.  Although

27 not a moving party, Plaintiff's Opposition contained a request for

28 leave to amend as well as a request to remand to state court.  No

1  separate motion for such relief was filed.

2       On March 3, 2008, Defendant Farmers Insurance Exchange

3  ("FIE") filed a Motion to Dismiss Plaintiff's First Amended

4  Complaint Pursuant to Fed. Civ. P. 12(b)(6), a Motion to Strike

5  Pursuant to Fed. R. Civ. P. 12(f), and a Request for Judicial

6  Notice.  On March 24, 2008, Plaintiff filed its Opposition to FIE's

7  Motion to Dismiss and Motion to Strike and filed a Request for

8  Judicial Notice.  On March 31, 2008, Mid-Century/FGI, and FIE

9  (collectively, "Defendants") filed a combined Reply to Plaintiff's

10 Oppositions to the Motions to Dismiss and a combined Reply to

11 Plaintiff's Oppositions to the Motions to Strike.  On April 1,

12 2008, the Court took the motions under submission.

13      All parties' requests for judicial notice are granted.

14 Having read and considered the arguments and authorities raised in

15 the parties' briefs, the Court grants Defendants' motions to

16 dismiss and to strike.

17                               **II.**

18                    <u>**PROCEDURAL BACKGROUND**</u>

19 **A.        Plaintiff's First Action**

20      On March 27, 2007, Plaintiff filed a complaint against

21 Mid-Century/FGI in San Diego County Superior Court on behalf of

22 itself and a California-wide and nationwide class.  (Mid-

23 Century/FGI's Mot. to Dismiss 5:2-4; Pl.'s Opp'n to Mid-

24 Century/FGI's Mot. to Dismiss 5:2-4.)  On May 11, 2007, Mid-

25 Century/FGI removed the action to the United States District Court

26 for the Southern District of California pursuant to the Class

27 Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d).  (Mid-

28 Century/FGI's Mot. to Dismiss 5:6-8; Pl.'s Opp'n to Mid-

Century/FGI's Mot. to Dismiss 5:4-5.)  Mid-Century/FGI then brought a Motion to Dismiss and Motion to Strike against the complaint. (Mid-Century/FGI's Mot. to Dismiss 5:9-10.)

Before the motions were heard on May 22, 2007, Plaintiff dismissed the complaint.  (Mid-Century/FGI's Mot. to Dismiss 5:11-12; Pl.'s Opp'n to Mid-Century/FGI's Mot. to Dismiss 5:5-7.)

**B.        Plaintiff's Second Case (This Action)**

On May 24, 2007, Plaintiff filed a new action based on similar facts in the San Diego County Superior Court, alleging only a California-wide class action. (Mid-Century/FGI's Mot. to Dismiss 5:14-15; Pl.'s Opp'n to Mid-Century/FGI's Mot. to Dismiss 5:8.) Mid-Century/FGI filed a Motion to Transfer Based on Improper Venue seeking to have the case transferred to Orange County or Los Angeles County.  (Mid-Century/FGI's Mot. to Dismiss 5:18-20; Pl.'s Opp'n to Mid-Century/FGI's Mot. to Dismiss 5:9.)

The San Diego Superior Court transferred the case to the Orange County Superior Court.  (Mid-Century/FGI's Mot. to Dismiss 5:21-22; Pl.'s Opp'n to Mid-Century/FGI's Mot. to Dismiss 5:9-10.) On December 10, 2007, Mid-Century/FGI filed a Demurrer and Motion to Strike against the complaint.  (Mid-Century/FGI's Mot. to Dismiss 5:25-26; Pl.'s Opp'n to Mid-Century/FGI's Mot. to Dismiss 5:10.)

The Orange County Superior Court ruled on the motions and sustained in part and denied in part the Demurrer with leave to amend and denied the Motion to Strike.  (Mid-Century/FGI's Mot. to Dismiss 6:1-4; Pl.'s Opp'n to Mid-Century/FGI's Mot. to Dismiss 5:14-6:2.)

On January 31, 2008, Plaintiff filed its First Amended

Complaint ("FAC"). (Mid-Century/FGI's Mot. to Dismiss 6:5-6; Pl.'s
Opp'n to Mid-Century/FGI's Mot. to Dismiss 6:3-5.) In the FAC,
Plaintiff added FIE as a defendant and amended its class
allegations to include a nationwide class. (Mid-Century/FGI's Mot.
to Dismiss 6:7-11.) On February 12, 2008, based on the new
allegation of a nationwide class, Defendants again removed the
action pursuant to CAFA, this time to the United States District
Court for the Central District of California.

    Under CAFA, the federal district courts have original
jurisdiction over a class action where any plaintiff class member
is a citizen of a state different from any defendant, there are at
least one hundred plaintiffs in the proposed class, and the amount
in controversy exceeds $5,000,000 exclusive of interest and costs.
28 U.S.C. § 1332(d)(2)(A), (d)(5)(b), (d)(2). To satisfy CAFA,
Defendants point out, inter alia, that diversity is established
based on Plaintiff's allegation of a nationwide class. In the
class allegations, Plaintiff asserts that the FAC is brought "on
behalf of itself and as a representative of the general public as
well as on behalf of all other members of a proposed California-
wide and nationwide class." (Notice of Removal, Ex. 2, ¶ 10.)
Mid-Century is a California corporation. (Notice of Removal at ¶
13.) Thus, Defendants reason, a "nationwide class" necessarily
includes citizens from states other than California. (Notice of
Removal at ¶ 13.)

    In the FAC, Plaintiff alleges claims for: (1) breach of
contract; (2) open book account; (3) breach of implied covenant of
good faith and fair dealing; and (4) violation of California
Business & Professions Code section 17200 ("section 17200"). Mid-

1   Century/FGI seek to dismiss only claim four.  FIE's motion also

2   seeks to dismiss claim four as well as a dismissal based on the

3   grounds that it was improperly added as a defendant.

4        In its Opposition to Mid-Century/FGI's Motion to Dismiss,

5   Plaintiff requests that the Court grant leave to amend the FAC to

6   delete reference to a "nationwide class" and assert only a

7   California-wide class and remand the action to state court.  (Pl.'s

8   Opp'n to Mid-Century/FGI's Mot. to Dismiss 7:14-16.)  The parties

9   were unable to enter into a written agreement to allow an amendment

10  to the FAC.  (Id. at 6:14-21.)  Absent the opposing parties'

11  written consent to amend the FAC, Plaintiff must seek the court's

12  leave.  Fed. R. Civ. P. 15(a)(2).  Plaintiff, however, has brought

13  no motion under this or any other rule of procedure.

14                              **III.**

15           **SUMMARY OF THE FIRST AMENDED COMPLAINT**

16       Plaintiff alleges that in September of 2005, Plaintiff

17  renewed a commercial general liability insurance policy (the

18  "Policy") issued by Defendants.  (FAC ¶ 8.)  The Policy had the

19  effective dates of October 1, 2003, through October 1, 2004, and

20  obligated Defendants to defend and indemnify Plaintiff against

21  certain enumerated claims, including third-party lawsuits.  (Id.)

22  Plaintiff was subsequently sued by a third-party in Martinez, et

23  al. v. Honda Santa Ana, Los Angeles Superior Court Case Number BC

24  3014278 ("Martinez Action").  (Id.)  Plaintiff tendered the defense

25  of the Martinez Action to Defendants.  (Id.)

26       Plaintiff alleges that prior to the appointment of

27  Defendants' panel counsel, Defendants instructed Plaintiff to have

28  Plaintiff's corporate counsel, Vivoli & Associates, defend and

1  handle the day-to-day aspects of the Martinez Action.  (Id. at 9.)

2  Plaintiff states that Defendants expressly agreed to reimburse

3  Plaintiff for the attorneys' fees incurred while defending the

4  Martinez Action.  (Id.)  Plaintiff filed the instant action as a

5  result of Defendants' refusal to reimburse Plaintiff the remaining

6  $7,366.72 in attorneys' fees.  (Id.)

7                                **IV.**

8                          **LEGAL STANDARD**

9          A court may grant dismissal when the complaint fails to

10  state a claim upon which relief may be granted.  See Fed. R. Civ.

11  P. 12(b)(6).  A well-pleaded complaint must proffer "enough facts

12  to state a claim to relief that is plausible on its face."  Bell

13  Atlantic Corp. v. Twombly, ---U.S.---, 127 S. Ct. 1955, 1974, 167

14  L. Ed. 2d 929 (2007).  When considering a motion to dismiss under

15  Rule 12(b)(6), the plaintiff's complaint is liberally construed and

16  all well-pleaded facts are taken as true.  Syverson v. IBM Corp.,

17  472 F.3d 1072, 1075 (9th Cir. 2007).  However, conclusory

18  allegations of law, unwarranted deductions of fact, or unreasonable

19  inferences are insufficient to defeat a motion to dismiss.  See

20  Fields v. Legacy Health Sys., 413 F.3d 943, 950 n. 5 (9th Cir.

21  2005).

22          Where dismissal of the complaint is warranted, it is

23  generally without prejudice, unless it is clear that the complaint

24  cannot be saved by any amendment.  See Sparling v. Danu, 411 F.3d

25  1006, 1013 (9th Cir. 2005), cert. denied, 546 U.S. 1172, 126 S. Ct.

26  1335, 164 L. Ed. 2d 51 (2006).

27          The purpose of a motion to strike is to remove "any

28  insufficient defense or any redundant, immaterial, impertinent, or

scandalous matter."   Fed. R. Civ. P. 12(f).   Rule 12(f) motions are intended "to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial."   Rosales v. Citibank, Federal Savings Bank, 133 F. Supp. 2d 1177, 1180 (N.D. Cal. 2001) (citing Fantasy Inc. v. Fogerty, 984 F.2d 1524, 1527 (9th Cir. 1993)).   Although a party may bring a motion to strike in order to challenge a prayer for relief, the motions are generally disfavored and are not granted unless "it is clear that the matter sought to be stricken could have no possible bearing on the subject matter of the litigation." Id. (citing LeDuc v. Kentucky Cent. Life Ins. Co., 814 F. Supp. 820, 830 (N.D. Cal. 1992)).

**V.**

**DISCUSSION**

**A.**          **Plaintiff's Claim for a Violation of Section 17200 Is**
               **Barred by California's Unfair Insurance Practices Act**

Plaintiff's fourth claim alleges that Defendants violated section 17200 by refusing to fully reimburse the attorneys' fees Plaintiff incurred during the period after the defense was tendered but before panel counsel was appointed.   Plaintiff asserts a section 17200 violation based on two grounds:   (1) Defendants engaged in deceptive or unfair acts and practice; and (2) Defendants delayed responding to tenders of defense to avoid paying post-tender attorneys' fees and costs.   (FAC ¶¶ 15, 35-38.)

California courts have held that California's Unfair Insurance Practices Act, Cal. Ins. Code § 790.03, ("UIPA" or "section 790.03") bars all private actions for unfair competition arising from specific, enumerated unfair claims settlement

practices.  See CAL. INS. CODE § 790.03; Moradi-Shalal v. Fireman's

Fund Ins. Companies, 46 Cal. 3d 287 (1988); Textron Fin. Corp. v.

National Union Fire Ins. Co. Of Pittsburgh, 118 Cal. App. 4th 1061

(4th Dist. 2004); Safeco Ins. Co v. Superior Court, 216 Cal. App.

3d 1491 (2nd Dist. 1990).  The facts giving rise to Plaintiff's

section 17200 claim falls within the UIPA.

The UIPA defines and regulates "unfair methods of

competition and unfair and deceptive acts or practices in the

business of insurance."  See CAL. INS. CODE § 790.03.  In section

790.03(h), insurers are prohibited from "knowingly committing or

performing with such frequency as to indicate a general business

practice any of the following [sixteen] unfair claims settlement

practices."  CAL. INS. CODE § 790.03(h).  Included in Subsection (h)

are:  (1) "[f]ailing to acknowledge and act reasonably promptly

upon communications with respect to claims arising under insurance

policies;" (2) "[f]ailing to adopt and implement reasonable

standards for prompt investigation and processing of claims arising

under insurance policies;" and (3) "[f]ailing to affirm or deny

coverage of claims within a reasonable time after proof of loss

requirements have been completed and submitted by the insured."

CAL. INS. CODE § 790.03(h)(2)-(4).

Under the California Supreme Court's decision in Moradi-

Shalal, the UIPA does not "create a private cause of action against

an insurer that commits one of the various acts listed in section

790.03, subdivision (h)."  Moradi-Shalal, 46 Cal. 3d at 304.

Further, in Textron Fin. Corp., the court held that a party cannot

plead around the rule established in Moradi-Shalal by "merely

relabeling their cause of action as one for unfair competition."

1  _Textron Fin. Corp._, 118 Cal. App. 4th at 1070 (citations omitted);

2  _see also_ _Rubin v. Green_, 4 Cal. 4th 1187, 1201-02 (1993), (noting

3  the "decision in [_Moradi-Shalal_] may not be circumvented by

4  recasting the action as one under Business and Professions Code

5  section 17200").  Finally, in _Safeco Ins. Co._, the California Court

6  of Appeal reaffirmed the holding in _Moradi-Shalal_, and held that

7  "we have no difficulty in deciding the Business and Professions

8  Code provides no toehold for scaling the barrier of _Moradi-Shalal_"

9  and "[t]o permit plaintiff to maintain this action would render

10  _Moradi-Shalal_ meaningless."  _Safeco Ins. Co._, 216 Cal. App. 3d at

11  1494.

12          As noted, the allegations underlying Plaintiff's section

13  17200 claim falls within the above three sections of section

14  790.03(h).  Plaintiff asserts that Defendants engaged in a "pattern

15  and practice of inducing their insured to employ personal counsel

16  to defend admittedly covered claims upon the false promise of

17  subsequent reimbursement for the fees incurred."  (Pl.'s Opp'n to

18  Mid-Century/FGI's Mot. to Dismiss 12:18-20; _see also_ FAC ¶¶ 36,

19  37.)  In other words, Plaintiff alleges that Defendants did not

20  promptly respond to Plaintiff's claim under the Policy and, as a

21  result, Plaintiff incurred attorneys' fees during the time period

22  between the time when the defense was tendered and when Defendants

23  appointed panel counsel.  This claim is covered by the UIPA because

24  Plaintiff alleges that Defendants failed to "acknowledge . . .

25  claims arising under insurance policies," "adopt and implement

26  reasonable standards for prompt investigation and processing of

27  claims," and "affirm or deny coverage of claims within a reasonable

28  time."  CAL. INS. CODE § 790.03(h)(2)-(4).  In fact, Plaintiff

concedes that the basis of its section 17200 claim implicates UIPA. (Pl.'s Opp'n to Mid-Century/FGI's Mot. to Dismiss 12:16-20 (noting ". . . there is little doubt Defendants have also violated UIPA . . .").)

While Plaintiff concedes that <u>Moradi-Shalal</u> and its progeny restrict claims brought under the "unlawful" prong of section 17200, Plaintiff claims that the section 17200 claim remains valid because it is brought only under the "unfair" and "fraudulent" prongs. (Pl.'s Opp'n to Mid-Century/FGI's Mot. to Dismiss 8:16-28.) Plaintiff's distinction is without merit. The California courts have not created any distinction between the three prongs of section 17200 and its interplay with the UIPA. Rather, the courts created a general rule that bar private causes of action for violation of section 17200 against insurers that violate the provisions of the UIPA. <u>See</u> <u>Textron Fin. Corp.</u>, 118 Cal. App. 4th at 1070. To allow an action to proceed with a section 17200 claim based on the "unfair" and "fraudulent" prongs would allow a party to plead around and circumvent the restrictions explained in <u>Moradi-Shalal</u> and assert an unfair competition claim. <u>See</u> <u>Textron Fin. Corp.</u>, 118 Cal. App. 4th at 1070; <u>Rubin</u>, 4 Cal. 4th at 1201-02; <u>Safeco Ins. Co.</u>, 216 Cal. App. 3d at 1494.

Accordingly, Defendants' motion to dismiss Plaintiff's fourth claim for violation of section 17200 is dismissed.

**B.       Defendants' Motions to Strike are Granted**

Defendants filed separate motions to strike against the FAC. The two motions are substantially similar and both seek to strike the portion of the FAC's prayer "requiring disgorgement of defendants' ill-gotten gains. . . ." (FAC 11:24-26.) FIE's motion

1   also seeks to strike all allegations in the FAC against FIE.  The

2   motions are granted.

3        The unfair competition law ("UCL"), section 17200 <u>et</u>

4   <u>seq.</u>, does not allow a plaintiff to seek disgorgement of ill-gotten

5   gains.  In <u>Korea Supply Co. v. Lockheed Martin Corp.</u>, 29 Cal. 4th

6   1134, 1146, (2003), the California Supreme Court held that "the

7   remedy of nonrestitutionary disgorgement is not expressly

8   authorized by statute."  Also, under a UCL claim a plaintiff may

9   only "recover profits unfairly obtained to the extent that these

10   profits represent monies given to the defendant or benefits in

11   which the plaintiff has an ownership interest."  <u>Id.</u> at 1148.

12        Plaintiff conflates the definition of "restitution" and

13   "disgorgement" and prays for an unavailable remedy.  The object of

14   restitution, in the context of a UCL claim, is to "restore the

15   status quo by returning to the plaintiff funds in which he or she

16   has an ownership interest."  <u>Id.</u> at 1149.  Disgorgement, however,

17   in the context of a UCL claim, refers to the "'surrender of all

18   profits earned as a result of an unfair business practice

19   regardless of whether those profits represent money taken directly

20   from persons who were victims of the unfair practice.'"  <u>Id.</u> at

21   1145 (citation omitted).  The remedy sought by Plaintiff is not

22   restitution as it seeks disgorgement of all ill-gotten gains,

23   which, by definition, would include money in which Plaintiff has no

24   ownership interest.  Thus, should Plaintiff prevail, any award that

25   Plaintiff may recover from Defendants would not be restitutionary

26   because it does not replace money that Defendants took from

27   Plaintiff.

28        Further, for the reasons given in the section below,

11

1  FIE's motion to strike is granted.

2          Accordingly, Defendants' respective motions to strike are

3  granted.

4  **C.          Defendant FIE's Motions**

5          Defendant FIE was added to the action through the FAC as

6  a substitution for a Doe Defendant.  The substitution occurred

7  prior to the case being removed to this Court.  According to

8  defendant's motion, under California procedure, a plaintiff that is

9  genuinely ignorant of a defendant's true name may identify that

10  defendant in the complaint by use of a fictitious name or "Doe".

11  CAL. CIV. PROC. CODE § 474.  When a plaintiff discovers the

12  defendant's true identity, however, the summons to the newly-named

13  defendant must contain a notice stating in substance:  "'To the

14  person served:  You are hereby served in the within action (or

15  proceedings) as (or on behalf of) the person sued under the

16  fictitious name of (designating it)."  <u>Id.</u>  In other words, the

17  summons "must state the fictitious name under which such defendant

18  was served. . . ."  <u>Id.</u>

19          According to the documents supplied by the parties, the

20  summons served upon FIE failed to comply with the notice

21  requirement of section 474 by not stating the fictitious name under

22  which FIE was served. (<u>See</u> Def.'s Req. For Judicial Notice in

23  Supp. Of Combined Reply to Pl.'s to Dismiss Ex. 2.)  To serve FIE

24  with the FAC, Plaintiff used the form summons provided by the

25  Judicial Council of California, Form Sum-100. (<u>Id.</u>)  The form

26  provided space for Plaintiff to identify the fictitious name under

27  which FIE was originally sued.  Plaintiff left that space blank.

28  (<u>Id.</u>)

1    Consequently, it appears that FIE was not properly

2  substituted as a fictitiously named defendant and should be

3  dismissed.  However, striking the allegations as to FIE and

4  dismissing FIE, insofar as the latter motion asks for dismissal of

5  the complaint based on improper service, are both motions granted

6  without prejudice.

7                                **VI.**

8                            **<u>CONCLUSION</u>**

9    Accordingly, and for the foreging reasons, the Court

10  grants Defendants' motions to dismiss and motions to strike.  The

11  Court grants without prejudice Defendant FIE's motion for

12  dismissal.  Plaintiff's suggestion that it be allowed to file

13  another amended complaint is not properly before the Court.

14    The claim on which federal jurisdiction was premised

15  having been dismissed, the action is remanded to the Orange County

16  Superior Court, Case # 07CC11798.

17    IT IS SO ORDERED.

18    IT IS FURTHER ORDERED that the Clerk shall serve a copy

19  of this Order on counsel for all parties in this action and provide

20  a copy of this Order to the Clerk of the Orange County Superior

21  Court for filing in the above-referenced action.

22    DATED:   September 29, 2008.

23

24                                  ALICEMARIE H. STOTLER
                              _____
25                                  ALICEMARIE H. STOTLER
                                   CHIEF U.S. DISTRICT JUDGE
26

27

28

# NOTICE PARTY SERVICE LIST

ocsc Case #07cc11798

**Case No.** _____ **Case Title** _____

**Title of Document** _____

| | |
|---|---|
| | ADR |
| | BAP (Bankruptcy Appellate Panel) |
| | BOP (Bureau of Prisons) |
| | CA St Pub Defender (Calif. State PD) |
| | CAAG (California Attorney General's Office - Keith H. Borjon, L.A. Death Penalty Coordinator) |
| | Case Asgmt Admin (Case Assignment Administrator) |
| | Chief Deputy Admin |
| | Chief Deputy Ops |
| | Clerk of Court |
| | Death Penalty H/C (Law Clerks) |
| | Dep In Chg E Div |
| | Dep In Chg So  Div |
| | Federal Public Defender |
| | Fiscal Section |
| | Intake Section, Criminal LA |
| | Intake Section, Criminal SA |
| | Intake Supervisor, Civil |
| | MDL Panel |
| | Ninth Circuit Court of Appeal ,  Clerk |
| | PIA Clerk - Los Angeles (PIALA) |
| | PIA Clerk - Riverside (PIAED) |
| | PIA Clerk - Santa Ana (PIASA) |
| | PSA - Los Angeles (PSALA) |
| | PSA - Riverside (PSAED) |
| | PSA - Santa Ana (PSASA) |
| | Schnack, Randall (CJA Supervising Attorney) |
| | Statistics Clerk |

| | |
|---|---|
| | US Attorneys Office - Civil Division -L.A. |
| | US Attorneys Office - Civil Division - S.A. |
| | US Attorneys Office - Criminal Division -L.A. |
| | US Attorneys Office - Criminal Division -S.A. |
| | US Bankruptcy Court |
| | US Marshal Service - Los Angeles (USMLA) |
| | US Marshal Service -  Riverside (USMED) |
| | US Marshal Service -Santa Ana (USMSA) |
| | US Probation Office (USPO) |
| | US Trustee's Office |
| | Warden, San Quentin State Prison, CA |

| | ***ADD NEW NOTICE PARTY*** **(if sending by fax, mailing address must also be provided)** |
|---|---|
| | Name: |
| | Firm: |
| | Address (*include suite or floor*): |
| | |
| | |
| | *E-mail: |
| | *Fax No.: |

 * For CIVIL cases only

| ***JUDGE / MAGISTRATE JUDGE (list below):*** |
|---|
| |
| |
| |
| |

**Initials of Deputy Clerk** _____